UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNN KRAUSS<br>　　Plaintiff | :<br>:   CIVIL ACTION NO:<br>: |
| vs. | :<br>: |
| THE HARTFORD FINANCIAL<br>SERVICES GROUP, INC.<br>　　Defendant | :<br>:   OCTOBER 25, 2017<br>: |

## COMPLAINT

I. INTRODUCTION

1. This is an action for money damages as a result of Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Connecticut Wage Act, Conn. Gen. Stat. § 31-58 *et seq.* ("CWA"). Defendant employed Plaintiff as an insurance underwriter and classified her as exempt from overtime. In fact, Defendant assigned Plaintiff work that was non-exempt production work rather than exempt administrative work and which entitled her to overtime pay.

II. PARTIES

2. Plaintiff, Lynn Krauss, is an individual presently residing in Granby, Connecticut. At all times relevant to this Complaint, Plaintiff was an employee of Defendant.

3. Defendant, The Hartford Financial Services Group, Inc. ("The Hartford") is a Delaware corporation with a principal place of business in Hartford, Connecticut.

4. The Hartford is an "employer" within the meaning of the FLSA and CWA.

III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. Section 1331.

6. This Court has jurisdiction over Plaintiff's CWA claims pursuant to 28 U.S.C. Section 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue is proper in this district under U.S.C. Section 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

IV. FACTUAL ALLEGATIONS

8. At all times relevant to this Complaint, Krauss was employed by The Hartford as a Statutory Underwriter, Group Benefits.

9. Defendant hired Plaintiff in 1997. In 2006, it assigned her to the role of Statutory Underwriter, Group Benefits.

10. The principal product produced by the Group Benefits department was insurance policies including short term disability, long term disability, AD&D, and life insurance.

11. In this capacity, Defendant required Plaintiff as her primary duty to underwrite group Statutory Short-Term Disability Insurance including new and renewal business.

12. As a result of her work, quotes for insurance policies were created, insurance policies were purchased and issued to customers.

13. In this regard, Plaintiff's work was related to the production of Defendant's products and was therefore non-exempt in nature.
14. Defendant assigned Plaintiff so much work that she had to work more than 40 hours per week to complete her work and in fact she usually worked over 50 hours per week.
15. Defendant knew that Plaintiff was usually working more than forty (40) hours per week.
16. Despite her frequent overtime hours, Defendant never paid Plaintiff overtime pay. Instead, Defendant classified her as "exempt" from overtime and paid her a flat salary.
17. As a result of Defendant's conduct in classifying her as "exempt" when she should have been classified as "non-exempt", Defendant illegally denied her overtime wages for the hours she worked over forty (40) each week.

V. COUNT ONE – FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

18. Based on the foregoing, Defendant's conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Plaintiff was entitled to be paid overtime wages but failed to do so.
19. Accordingly, Plaintiff is entitled to back overtime wages earned during the three years immediately preceding the filing of this lawsuit, liquidated damages, attorneys' fees and court costs.

VI.    COUNT TWO – FAILURE TO PAY OVERTIME IN VIOLATION OF THE CONNECTICUT WAGE ACT

20. Based on the foregoing, Defendant's conduct in this regard was a willful violation of the Connecticut Wage Act, in that Defendant knew or should have known that Plaintiff was entitled to be paid overtime wages but failed to pay her.

21. According, Plaintiff is entitled to back overtime wages earned during the two years immediately preceding the filing of this lawsuit, penalty damages, attorneys' fees and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A. Back wages;

B. Penalty damages under the Connecticut Wage Act;

C. Liquidated damages under Fair Labor Standards Act;

D. Pre-judgment interest and post-judgment interest as provided by law;

E. Attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act and the Connecticut Wage Act;

F. Such other relief as the Court shall deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial before a jury on all issues so triable.

PLAINTIFF, LYNN KRAUSS

By /s/
Richard E. Hayber (ct11629)
The Hayber Law Firm, LLC.
221 Main Street, Suite 502
Hartford, CT 06106
(860) 522-8888 (telephone)
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com